# GLACIER LAW LLP

DANDAN PAN*

41 MADISON AVENUE,
STE. 2529
NEW YORK, NY 10010
EMAIL: DANDAN.PAN@GLACIER.LAW
WWW.GLACIER.LAW

TELEPHONE (332) 208-1523
FACSIMILE (312) 801-4587

*Admitted in New York

**November 26, 2025**

**BY ECF**

Honorable Jennifer L. Rochon
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl St. Room 20B
New York, NY 10007-1312

Defendant is hereby ORDERED to make Liauw available to Plaintiff for a virtual deposition **before December 15, 2025**.  If Defendant cannot do so, the Court will extend deadlines for the PI motion for 30 days to permit time for the deposition of Liauw.  The Court will then reschedule the PI hearing.

SO ORDERED.

Dated: November 26, 2025
New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

**Re: *Shenzhen Dazhan Pengtu Internet Co., Ltd. v. Vesync (US) Corp.*, No. 1:25-cv-07089-JLR**
**Plaintiff's Letter Motion regarding Discovery**

Dear Judge Rochon:

On behalf of Plaintiff Shenzhen Dazhan Pengtu Internet Co., Ltd. ("Plaintiff" or "Dazhan") and in accordance with Your Honor's Individual Practices, we respectfully submit this letter motion concerning an impasse over the depositions that were ordered by the Court.  We regret to inform the Court that multiple efforts to resolve this matter in good faith have not been fruitful, necessitating this letter.

Plaintiff successfully moved for limited discovery over the pending preliminary injunction. Defendant Vesync (US) Corp. ("Defendant") vehemently insisted on an accelerated discovery process, making no mention whatsoever of the fact that one of its affiants, Jeremey Liauw, would be unavailable for deposition.  Indeed, Defendant attempted to argue that this witness, who gave the principal declaration in support of the motion for preliminary injunction, is not important.  Then, just a few hours later, counsel for Defendant told Judge Woods that this witness would be unavailable after December 4, 2025.  Judge Woods nonetheless ordered that this witness appear on or before December 15, 2025 for deposition.

Likewise, the Court's November 20, 2025 Order made it abundantly clear that Defendant was to produce for deposition, on or before December 15, 2025, each of the affiants supporting its motion for preliminary injunction.  We have made every effort to get a firm deposition date for the deposition of Jeremy Liauw, but have been met with resistance and obfuscation at every step.  After the hearing we were told that this witness would only be available until December 4, 2025.  I explained to defense counsel that my firm and Glacier Law LLP are both involved in multiple matters in the Eastern District of Virginia the week of December 1, 2025, as well as two separate hearings in the Central District of California on December 4 and 5, 2025. (Indeed, I told Your Honor about this at the hearing, which appears to be one of the reasons why Your Honor gave us until December 15, 2025 to have these depositions).

Defense counsel took the position that Mr. Liauw would only be made available for one day that week (12/1-12/4/25) and after that, was unavailable.  Defense counsel refused to say when Mr.

Liauw would return, or to consent to extend out the discovery dates and hearing date to accommodate this request.

After a meet and confer call, we agreed to go ahead and take Mr. Liauw's deposition next week, and to have his deposition be available for use in both of the two companion matters, by consent. Then, Defendant suddenly took the position that Mr. Liauw is no longer available at all, and stated that they will withdraw his declaration and propose substituting it with the deposition of another person. We object to this, and wish to take the deposition of Mr. Liauw. Defense counsel is refusing to make him available.

Plaintiff respectfully submits that Defendant should be ordered to either withdraw the preliminary injunction motion in its entirety or produce Mr. Liauw the week of December 8, 2025 on a date that is mutually agreed upon by counsel. Alternatively, if in fact Mr. Liauw is truly unavailable prior to December 15, 2025, then the discovery dates and hearing date should be extended by a period of thirty days to allow for him to be deposed. We reiterate that defense counsel has refused altogether to say when Mr. Liauw becomes available again.

It would be, respectfully, unprecedented to allow an applicant for a preliminary injunction to "swap out" witnesses as is suggested by Defendant. Indeed, it is obvious that the preliminary injunction motion is one that should not have been brought in the first place. But since Defendant refuses to withdraw it, and since there is an Order of this Court directing it to produce those affiants on or before December 15, 2025, we respectfully submit that Defendant should be ordered to comply with the Order unless it chooses to withdraw the motion, or the dates should be extended out by a period of thirty (30) days given the issues with scheduling.

Respectfully,
**GLACIER LAW LLP**

Date: November 26, 2025

/s/ Dandan Pan
Dandan Pan, Esq.
Tao Liu, Esq.
41 Madison Avenue, Ste. 2529
New York, NY 10010
dandan.pan@glacier.law
tao.liu@glacier.law

Kevin J. O'Connor
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661
Telephone: (201) 343-3434

Email: koconnor@pecklaw.com

***Attorneys for Plaintiff***