# HUNTON

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ARMIN GHIAM
DIRECT DIAL: 212 • 908 • 6207
EMAIL: aghiam@hunton.com

FILE NO: 127424.0000098

January 13, 2026

**Via ECF**

Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl St. Room 1920
New York, NY 10007-1312

Re:    ***Shenzhen Dazhan Pengtu Internet Co., Ltd. v. Vesync (US) Corporation*,
No. 1:25-cv-07089 (S.D.N.Y. Aug. 26, 2025)**

Dear Judge Rochon:

We represent Defendant Vesync (US) Corporation ("Vesync") in the above-captioned matter. In light of Vesync's deadline to file a reply brief by Monday, January 19, we write to urgently request expedited discovery related to the test report submitted by Plaintiff in support of its Opposition to Vesync's Motion for Preliminary Injunction ("Motion"). There is good cause for targeted, expedited discovery—specifically, the production of the underlying data supporting Plaintiff's test report, a deposition of its expert, and all communications with Intertek. As detailed below, the report lacks basic indicia of authenticity and reliability, and Vesync seeks only limited categories of information to verify the test results.

As background, on November 11, 2025, Vesync filed its Motion seeking to enjoin Plaintiff from making false statements about its air filters, which are advertised as compatible with certain Vesync-distributed air purifiers. Plaintiff's statements claim that its filters meet the HEPA definition and are capable of capturing 99.97% of airborne particles measuring 0.3 microns. Vesync's Motion was supported by *three* laboratory reports showing that *five* of Plaintiff's sample filters fail to capture 99.97% of airborne particles.

On January 12, 2026, Plaintiff filed its Opposition, supported by an expert report from Dr. Eric Brown, which in turn attaches two test reports from Intertek laboratory purporting to show that Plaintiff's sample filters remove 99.97% of the tested particles. These tests were conducted at a Chinese laboratory. Upon review by Vesync, its expert, and a forensic analyst, the report raises significant questions regarding its authenticity and reliability, including:

1.    The reports' template and format do not match any of the 10 sample Intertek reports Vesync has located. (*Compare* Dkt. 69-1 at 16-26 (Exhibit A) *with* Exhibit B (showing 10 sample Intertek reports).)

# HUNTON

January 13, 2026
Page 2

2.      When zoomed in, as shown below, the logo in Plaintiff's test reports appears much lower in quality, suggesting a copy of the logo was used instead of an original logo with a high resolution. Additionally, the top of the logo in Plaintniff's report appears to be cut off, suggesting careless cropping or copying.

**<u>Logo Captured form Plaintiff's Test Report</u>**



**<u>Logo Captured form A Sample Report</u>**



3.      The report lists "Building No. 51, 1089 Qinzhou Road (North), Shanghai 200233, China" as the test location, but Intertek does not list this address as an official location on its website. (*See* Exhibit C.)

4.      Upon a call to Intertek, it appears that Intertek does not even conduct filter testing at their Shanghai location.

# HUNTON

January 13, 2026
Page 3

5. The sample's dimensions listed (299 × 285 × 25 mm) do not match those found on Plaintiff's Amazon listing (317 x 287 x 35 mm) or from three independent SGS tests (292 x 283 x 23), (*see* Dkt. 53 at 7), suggesting an incorrect sample may have been tested.

6. The report omits the manufacturer's name and address and fails to specify a model number for the sample.

7. The test used DOP as the airborne particle, which is not recommended under Section 9.1.1 of the IEST methodology, and is rarely used in the United States due to carcinogenicity concerns. (*See* Exhibit D.)

8. The report contains very little data, and many reported figures are exact whole numbers without decimal points, which is atypical and raises concerns about the accuracy or authenticity of the results.

9. Where a particle size *range* is called for, only a single value—0.30 microns—is listed, which is not a range and is an unusual oversight for a laboratory such as Intertek. (*See* Dkt. 69-1 at 17.)

10. Upstream and downstream particle measurements lack units. (*Id*. at 18.)

11. Only a single test date appears, despite a field for multiple dates. (*Id*. at 17.)

12. The applicant's name, "Shenzhenshidazhanpengtuhulianwangyouxiangongsi," should have been typed "Shenzhen Shi Dazhan Pengtu Hulianwang Youxian Gongsi."

These anomalies suggest, at best, carelessness in the conduct or preparation of Plaintiff's test and report, and at worst, fabrication for this litigation.

Vesync received Plaintiff's test report late on Monday, January 12, 2026. Vesync promptly requested from Plaintiff's counsel three specific categories of information underlying the report. Specifically, Vesync's requests were as follows:

- Section F3.2.3 of IEST-RP-CC001.7 addresses the "Uniformity of the challenge aerosol distribution in test duct." Please provide the specific locations and corresponding concentrations for each grid point, both upstream and downstream, as provided under Section F3.2.3.

- In the table on page 2 of the report, the particle size is listed as 0.30 μm, which is not a range. Please provide the actual particle size range from smallest to largest, along with the count median diameter, the mass median diameter, and the raw data from the measurement instrument.

- All communications with Intertek regarding the tests reviewed by Dr. Brown.

(*See* Exhibit E.)

# HUNTON

January 13, 2026
Page 4

      Providing this data would require minimal effort from Plaintiff and would not create any undue burden, but as of the time of drafting this letter, Plaintiff has not responded. Vesync's reply brief is currently due on January 17, 2026, and the Court has scheduled the hearing on the Motion for February 11.

      Should Plaintiff fail to produce the requested information, Vesync respectfully requests that the Court exclude the test reports, draw an adverse inference, or assign reduced weight or credibility to the evidence.

      Although counsel for the parties discussed this issue in connection with the parallel case pending before Judge Woods, Plaintiff's counsel has not responded to Vesync's specific requests. (*Id.*) Given Vesync's January 17 deadline, Vesync files this letter unilaterally.

                                     Respectfully submitted,

                                     /s/ *Armin Ghiam*

cc:  All Counsel of Record (via ECF)

Defendant's request for discovery is GRANTED.  Plaintiff is to provide the following by **January 27, 2026,** to the extent that the requested item exists and is in Plaintiff's possession, custody, or control:
- Any discoverable communications with Intertek regarding the tests reviewed by Dr. Brown in connection with the opposition to the preliminary injunction.
- Any further data from Intertek's testing, with all available metadata, including:
  - The specific locations and corresponding concentrations for each grid point, both upstream and downstream, as provided under Section F3.2.3;
  - The actual particle size range in the table on page 2 of the report from smallest to largest, along with the count median diameter, the mass median diameter, and the raw data from the measurement instrument.

The Court further orders as follows:
- Plaintiff shall make Dr. Brown available for a deposition, to take place no later than **February 12, 2026**.  Defendant shall pay Dr. Brown's standard rate for time in the deposition;
- Defendant shall make its expert, Bud Offermann, available for a deposition, to take place no later than **February 19, 2026**.  Plaintiff shall pay Bud Offermann's standard rate for time in the deposition;
- Defendant's deadline to file its reply in support of its Motion for Preliminary Injunction is extended to **February 26, 2026**;
- Plaintiff is granted leave to file a sur-reply, which must be filed by **March 9, 2026**; and
- The parties' preliminary injunction hearing is adjourned to **April 7, 2026** at **11:00 a.m.**

Dated: January 15, 2026
     New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**