# GLACIER LAW LLP

41 MADISON AVENUE, STE. 2529
NEW YORK, NY 10010
EMAIL: DANDAN.PAN@GLACIER.LAW
WEB: WWW.GLACIER.LAW

TELEPHONE (212) 729-5033
FACSIMILE (312) 801-4587

January 12, 2026

***Via ECF***

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Room 1920
New York, NY 10007-1312

Re:     Shenzhen Dazhan Pengtu Internet Co., Ltd. v. Vesync (US) Corporation,
        Case No. 1:2025-cv-07089
        **Letter Motion to Seal**

Dear Judge Rochon:

We write on behalf of Plaintiff Shenzhen Dazhan Pengtu Internet Co., Ltd. ("Plaintiff"), hereby apply for leave to file under seal certain materials designated by Defendant Vesync (US) Corporation ("Defendant") as confidential.

Specifically, in support of *Plaintiff's Opposition to Defendant's Motion for Preliminary Injunction*, Plaintiff refers to excerpts of deposition testimony of Defendant's witnesses John Lee ("Lee") and Xiangsheng Lin ("Lin") that Defendant has designated as "confidential" and "attorneys' eyes only," respectively. No protective order has been entered in this case.

Plaintiff has met and conferred with Defendant on January 5, 2026 to narrow the scope to seal the requested portion of deposition transcripts of Lee and Lin. Plaintiff has made good faith efforts to reduce the amount of information excluded from the public record by filing a redacted copy of the exhibit.

Plaintiff respectfully requests the Court to partially redact or maintain the following materials which are excerpts of Lee and Lin deposition transcripts under seal pursuant to the Court's Individual Practices in Civil Cases Section 4.B and Federal Rule of Civil Procedure 5.2:

| Documents | Portions to be Sealed |
|---|---|
| **Exhibit E** to the Plaintiff's Opposition to Defendant's Motion for Preliminary Injunction | 11:24-12:6<br>38:19-39:17<br>70:11-71:23<br>105:22-25 |
| **Exhibit F** to the Plaintiff's Opposition to Defendant's Motion for Preliminary | 67:15-68:11<br>70:3-10 |

| Injunction | 71:3-8 |
|---|---|

Further, in accordance the Court's Individual Practices in Civil Cases Section 4.B.iii (a), Defendant must file, within three days, a letter explaining the need to seal or redact the referenced materials. *Id*. If Defendant does not file a responsive letter as required by this subsection, the documents and information herein that Plaintiff requests be filed under seal may be made part of the public record in their entirety.

Respectfully submitted,

/s/ Dandan Pan
Dandan Pan, Esq.
41 Madison Avenue, Ste. 2529
New York, NY 10010
dandan.pan@glacier.law

Request DENIED.  The parties shall file on the public docket unredacted versions of the declarations of John Lee and Xiangsheng Lin currently filed in their redacted forms at Dkts. 69-5 and 69-6.

A court must evaluate a request to seal under  a "common law right of public access to judicial documents," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  There are three steps for evaluating the common law right of access: (1) determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies, *Lugosch*, 435 F.3d at 119; (2) determine the "weight of that presumption," *id.*; and (3) "after determining the weight of the presumption of access, ... 'balance competing considerations against it,'" *id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). With respect to the third step, competing considerations may include the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-MD-02542 (VSB), 14-MC-02542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-MD-02542 (VSB), 14-MC-02542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014)), and "the privacy interests of innocent third parties," *id.* at *4 (quoting *In re Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990)).

Having comprehensively reviewed Defendant's submission, Dkt. 73, the Court finds that Defendant has not met its burden.  As to steps one and two "[d]ocuments submitted in connection with a motion to dismiss or for injunctive relief are judicial records to which a strong presumption of access applies." *Mezu-Ndubuisi v. Univ. of Rochester*, No. 24-cv-06387 (EAW), 2025 WL 15578, at *1 (W.D.N.Y. Jan. 2, 2025) (citing *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC,* No. 23-cv-10612 (LGS), 2024 WL 3965936, at *1 (S.D.N.Y. Aug. 27, 2024)). As to step three, the Court does not find that there are "countervailing factors" that outweigh the strong presumption of access to the redacted portions of the declarations—which largely concern the substance of the public advertisements central to this dispute. *Lugosch*, 435 F.3d at 120; *see Coventry Capital US LLC v. EEA Life Settlements, Inc.,* No. 17-cv-07417 (JLR) (SLC), 2023 WL 2810660, at *3 (S.D.N.Y. Apr. 6, 2023) ("Courts are particularly skeptical of sealing information that is commercially sensitive where it is highly relevant to the dispute and by extension, to the public's understanding of the court's decision." (citation modified)).

Separately, the Court notes that Defendant's submission incorrectly identified two filings that were not subject to the sealing motion, *see* Dkt. 73 at 1 (identifying Offermann Declaration and Plaintiff's Opposition), and the sealed copies of the relevant declarations contained several highlighted redactions not identified in the motion, while missing highlights for identified excerpts, *see* Dkts. 71-1, 71-2; *see also* Indiv. R. 4.B.iii(c) (requiring parties to highlight proposed redactions).  The parties should take care to avoid such issues in any future motions.

Dated: January 15, 2026
    New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

2